

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

November 3, 1947

Hon. R. Y. King
County Attorney
Donley County
Clarendon, Texas

Opinion No. V-421

Re: Disposition to be made
of fees of the county
attorney which accrued
during the interim be-
tween the death of the
county attorney and the
appointment of his suc-
cessor.

Dear Sir:

We refer to your letter of October 17, 1947, which reads in part as follows:

"On October 3rd. the county attorney of Donley County died; on October 13th. the commissioners' court appointed another county attorney leaving ten days without any county attorney. On October 7th the sheriff arrested two men, one for drunkenness in a public place, and one for driving a motor vehicle while under the influence of intoxicating liquor; both men pled guilty and paid their fines and in both cases a fee was collected for the county attorney. In the case of drunkenness in a public place the sheriff alone signed the complaint. In the case of driving while intoxicated, the District Attorney signed the information but he did not live in the county and was not in the county at the time of the trial.

"To whom do those attorneys fees belong? To the District Attorney? To the County Attorney? To the county as general funds? Or should they be returned to the defendant as fees improperly collected?"

With reference to your question in the case where the sheriff alone signed the complaint and the county attorney took no part therein, this Department held in Opinion No. O-4599, where the county attorney was in the armed forces, that:

"2.   If the county attorney has not taken any action in such a case and is not present and ready to represent the State at a regular term of the justice court and a defendant pleads guilty at such regular term the county attorney would not be entitled to the fee.  Nor would the county be entitled to the fee.  If no fee is due the county attorney it should not be charged against the defendant."

Therefore, since there was no county attorney of the county on October 7, nor had one taken any part whatsoever in the case, and under the foregoing opinion, it is the opinion of this Department that the Defendant could not legally have been charged a fee for the county attorney and the $10.00 allowed the county attorney under Article 1061, C.C.P , and the ten percent of the fine allowed under Article 950, C.C.P., should be returned to the defendant in said case.

In the case of driving while intoxicated, the district attorney signed the information, which may legally be done.  See Cody v  State, 47 S W  (2d) 297.  Donley County is included in a district in which there is a district attorney and Article 1061, C.C.P., is as follows:

"District and county attorneys shall be allowed the following fees in cases tried in the district or county courts, or a county court at law, to be taxed against the defendant:

"For every conviction under the laws against gaming when no appeal is taken, or when, on appeal, the judgment is affirmed, fifteen dollars.

"For every other conviction in cases of misdemeanor, where no appeal is taken, or when on appeal the judgment is affirmed, ten dollars."

Therefore, under the above Article and the opinion No. 0-4599, it is the opinion of this Department that the district attorney earned the $10.00 fee as well as the ten per cent commission in this case.

Section 5 of Article 39193, V.C.S., provides:

"It shall be the duty of all officers
to charge and collect in the manner author-
ized by law all fees and commissions which
are permitted by law to be assessed and
collected for all official service performed
by them. . . ."

Article 3886f, V.C.S., provides that the dis-
trict attorney shall be on a salary basis.

Section 3 of said Act provides as follows:

"Sec. 3   All fees, commissions and per-
quisites which may be earned and collected by
District Attorneys affected by this Act shall
be paid into the County Treasury of the coun-
ties in which such fees are earned for the
account of the proper fund."

Therefore, in view of the foregoing, it is the
opinion of this Department that the district attorney
cannot personally retain such fee and commission but
should collect the same and pay it into the county treas-
ury of your county.

Under Section 24 of Article 16 of our State
Constitution, said money should be credited to the Road
and Bridge Fund of your county.  (Attorney General Opin-
ion No. 0-6940)

### SUMMARY

Upon the death of the county attorney
and before the appointment of his successor,
attorneys fees collected in the county court
upon a plea of guilty should be returned to
the defendant, if the sheriff was the person
who signed the complaint.

Where the county attorney is dead and
the district attorney signed the information
in a case in county court and the defendant
pleads guilty, the attorney's fee and commis-
sion should be collected and paid into the

Hon. R. Y. King - Page 4  (V-421)

county treasury to the credit of the Road
and Bridge Fund of the county.  Sec. 5 of
Art. 3912e; Sections 1 and 3 of Art. 3886f,
V.C.S.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Bruce Allen

Bruce Allen
Assistant

BA:djm

APPROVED:

Fagan Dickson

FIRST ASSISTANT
ATTORNEY GENERAL